IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AUBREY JUAN WILLIAMS, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | No. 3:13-cv-4753-M-BN |
| § | |
| WILLIAM STEPHENS, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Aubrey Juan Williams, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, the application should be denied.

**Background**

In May 2005, a jury in Dallas County found Petitioner guilty of aggravated robbery of an elderly person, and he was sentenced to 80 years' imprisonment. He was permitted leave to file an out-of-time appeal, and his conviction was affirmed on direct appeal. *See Williams v. Texas*, No. 05-10-464-CR, 2011 WL 5027495 (Tex. App. – Dallas, Oct. 24, 2011, no pet.). Although Petitioner has filed more than one state habeas application, and although this is Petitioner's second federal habeas application concerning this conviction and sentence, *see Williams v. Thaler*, No. 3:13-cv-611-M-BN, 2013 WL 1906460 (N.D. Tex. Mar. 5, 2013), *rec. adopted*, 2013 WL 1905142 (N.D. Tex. May 8, 2013) (petition dismissed without prejudice for failure to exhaust state

remedies), Petitioner's only state habeas application challenging the merits of his conviction was denied without written order on findings of the trial court without a hearing on November 27, 2013, *see Ex parte Williams*, No. WR-22,235-05 (Tex. Crim. App. Nov. 27, 2013); Dkt. No. 16-9 at 26-36 (trial court findings of fact, conclusions of law, and recommendation signed Oct. 10, 2013); *see also Ex parte Williams*, No. WR-22,235-05, 2013 WL 841349 (Tex. Crim. App. Mar. 6, 2013) (per curiam) (remanding to trial court to gather additional evidence, to hold a hearing and appoint counsel if necessary, and to make findings of fact and conclusions of law as to Petitioner's ineffective assistance claims).

The habeas claims that Petitioner presents in his timely Section 2254 application solely concern the alleged ineffectiveness of his trial counsel, for various reasons that the Court will address below, and his appellate counsel, for her failure to raise the issue of ineffective assistance of trial counsel. *See* Dkt. No. 6 (amended petition); Dkt. No. 17 (Respondent's answer and brief in support); Dkt. No. 21 (Petitioner's reply).

## Legal Standards

**I. Federal Court Review**

Where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable

> determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 135 S. Ct. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). "For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's

decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Id.* at 102 (internal quotation marks omitted).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Id.* at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 134 S. Ct. 10, 16 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunctio[n] for which federal habeas relief is the remedy." (internal quotation marks and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Harrington*, 562 U.S. at 98 ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court

explaining the state court's reasoning.").

In sum, Section 2254 creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98.

## II.   Ineffective Assistance of Counsel

The undersigned has reviewed Petitioner's Sixth Amendment claims under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *See* 466 U.S. at 687-88. To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The petitioner also must prove that he was prejudiced by his attorney's substandard performance. *See id.* at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

> [B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at

689), *cert. denied*, 133 S. Ct. 1584 (2013).

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). Moreover,"[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Harrington*, 562 U.S. at 110. "The Supreme Court has admonished courts reviewing a state court's denial of habeas relief under AEDPA that they are required not simply to give [the] attorney's the benefit of the doubt, ... but to affirmatively entertain the range of possible reasons [petitioner's] counsel may have had for proceeding as they did." *Clark v. Thaler*, 673 F.3d 410, 421 (5th Cir. 2012) (internal quotation marks omitted).

To demonstrate prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Harrington*, 562 U.S. at 111. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different," which "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but

the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case." *Id.* at 111-12 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result must be substantial, not just conceivable." *Id.* at 112.

Ineffective-assistance-of-counsel claims are considered mixed questions of law and fact and, therefore, are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state court adjudicated ineffective-assistance claims on the merits, this Court must review Petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403, 1410 (2011). In such cases, the "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland*'s standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101; *see also id.* at 105 ("Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." (internal quotation marks and citations omitted)).

In other words, the AEDPA does not permit a *de novo* review of state trial counsel's conduct in these claims under *Strickland. See id.* at 99-103. Instead, on federal habeas review of a claim that was fully adjudicated in state court, the state court's determination is granted "a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* at 101.

**Analysis**

Petitioner's narrative as to why he believes that his trial counsel rendered constitutionally ineffective assistance can be distilled into claims that counsel (1) failed to investigate the scene of the crime; (2) failed to contact and interview two alibi witnesses (Robin J. "Black" Cunningham and Barnard Norman); (3) failed to obtain either a DNA sample or fingerprints from Norman; (4) failed to discuss strategy with or consult with Petitioner; and (5) failed to move for an instructed verdict at the conclusion of trial. *See* Dkt. No. 6 at 6-9.

As summarized by the Texas Court of Criminal Appeals (the "TCCA"), in its order remanding Petitioner's habeas application,

> [Petitioner] now contends, *inter alia*, that his trial counsel rendered ineffective assistance because counsel failed to investigate, failed to locate and interview an alibi witness, and failed to prepare a defense. [Petitioner] alleges that unidentified DNA on a portion of a cigar left by the robber at the scene should have been compared to the DNA of the complainant's grandson[, Norman]. Applicant alleges that had counsel called his alibi witness and demonstrated that the DNA on the cigar was that of the complainant's grandson, Applicant would not have been convicted of this offense....
>
> The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. Specifically, counsel shall state whether Applicant advised him prior to trial that he was with Robin Cunningham during the time of the robbery. If Applicant did advise counsel of a potential alibi witness, counsel shall state whether he sought out Robin Cunningham or attempted to secure her testimony at trial. Counsel shall also state whether there was unidentified DNA present on the cigar found at the scene of the offense in addition to Applicant's DNA. Counsel shall state whether Applicant advised him that he had given a portion of his cigar to the complainant's grandson, Bernard Norman, and whether Applicant suggested to counsel that the unidentified DNA might be that of Bernard Norman.

*Ex parte Williams*, 2013 WL 841349, at *1.[1]

As to the claimed ineffectiveness of trial counsel, the state habeas court made the following two findings, later adopted by the TCCA, which are clearly applicable to the second and third grounds stated above:

> Williams claims that his trial attorney did not locate an alibi witness, Robyn [sic] Cunningham. His attorney William Nellis has provided an affidavit negating this allegation. Nellis avers that he was never advised of the alibi witness. His affidavit is attached. Williams and his counsel have declined to dispute the affidavit. See email attached. Therefore, the Court finds the affidavit to be trued, as conceded by Williams. No basis for relief is stated.
>
> Williams claims that his trial attorney did not request DNA testing on a cigar found at the scene. His attorney Williams Nellis has provided an affidavit negating this allegation. Nellis avers that he was never advised that Williams gave the alleged perpetrator, Bernard Norman, the cigar found at the scene. Therefore, Nellis did not have a basis for requesting a DNA comparison with Norman. His affidavit is attached. Williams and his counsel have declined to dispute the affidavit. See email attached. Therefore, the Court finds the affidavit to be trued, as conceded by Williams. No basis for relief is stated.

Dkt. No. 16-9 at 30-31 (referencing trial counsel's affidavit [Dkt. No. 16-9 at 33-34]).

As to these findings, Petitioner merely requests that this Court reach a different conclusion than the state court. That is, he has not attempted to demonstrate – much less has he established – that the "the state court's application of the *Strickland* standard" as to these grounds for ineffectiveness of trial counsel "was unreasonable." *Harrington*, 562 U.S. at 101.

---

[1] The spelling of Norman's first name varies as between Petitioner's Section 2254 application and the state courts' decisions.

The remainder of Petitioner's claims of ineffectiveness as to his trial counsel – regarding alleged failures to investigate the scene of the crime, to strategize and consult with Petitioner, and to move for an instructed verdict – are merely conclusory. Conclusory allegations will not show that a state habeas court's application of *Strickland* was unreasonable. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) ("conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

The only claim that Petitioner presents as to his appellate counsel is that she was constitutionally ineffective for not raising the ineffectiveness of trial counsel on direct appeal. *See* Dkt. No. 6 at 9 ("Ms. Bernhard made no attempt whatsoever to challenge Nellis's ineffectiveness, evidence of which is replete in the court reporter's record, which is she had done so would have resulted in an order for a new trial, at the minimum."); Dkt. No. 21 at 16 ("Had the issues of the DNA showing an unknown was the major contributor to the cigar butt found in the complainant's home which was brought forth at trial and found in the record had been brought to the attention of the appellate court in light of the fact trial counsel knew of this most important information and did nothing with it, there is a reasonable probability the appellate court would have found Nellis to be fatally ineffective and would have remanded for a new trial.").

As to this claim, the state habeas court found that "[t]his court is well aware that [ineffective assistance of counsel] claims are disfavored on direct appeal because the trial attorney strategy is not part of the record. Therefore, appellate counsel was

not ineffective for failing to pursue these claims." Dkt. No. 16-9 at 31. And, again, Petitioner has neither established nor even attempted to demonstrate that this "application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101.

Further, as another judge of this Court has explained, and as is equally applicable here:

> Generally, a claim of ineffective assistance of trial counsel is more appropriate for collateral review. *See Thompson v. State*, 9 S.W.3d 808, 813-14 & n.5 (Tex. Crim. App.1999) (rarely will a court of appeals be capable of making a fair evaluation of the merits of an ineffective assistance of counsel claim on direct appeal). Moreover, in this case, the state habeas court ultimately rejected Petitioner's assertion that trial counsel rendered ineffective assistance. There is no reason to believe that the determination would have been different had the issue been raised on appeal. *See Lane v. Quarterman*, No. 3:06-cv-1387-K, 2007 WL 1976573, 5–6 (N.D. Tex. 2007) (denying claim that appellate counsel rendered ineffective assistance in failing to raise on direct appeal claims of ineffective assistance of trial counsel).

*Debbs v. Thaler*, No. 3:11-cv-562-L-BK, 2011 WL 7554582, at *12 (N.D. Tex. Nov. 28, 2011), *rec. adopted*, 2012 WL 912724 (N.D. Tex. Mar. 19, 2012); *see also Saunders v. Cockrell*, No. 3:02-cv-229-D, 2002 WL 31156719, at *7 (N.D. Tex. Sept. 24, 2002) (because "the court has already determined that petitioner did not receive ineffective assistance of counsel at trial ..., it would have been futile to appeal on that basis," and appellate counsel could not be ineffective for failing to raise such an argument on direct appeal).

Therefore, Petitioner's various grounds for why his trial and appellate counsel were constitutionally ineffective should be rejected, and habeas relief based on those

grounds should be denied.

## Recommendation

Petitioner's application for writ of habeas corpus should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 22, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE